# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No.:

MIKE GASSEL,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, L.L.C., a Delaware Limited Liability Company

    Defendant

___

## COMPLAINT AND JURY DEMAND
___

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered foreign limited liability company with the Colorado Secretary of State, having a registered agent at 36 South 18th Avenue, Suite D, Brighton, Colorado 80601.

## PARTIES

8. Plaintiff Mike Gassel is a natural person who resides in the City of Evans, County of Weld, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Enhanced Recovery Company, L.L.C. (hereinafter "Defendant") is a Delaware limited liability company operating from an address of 8014 Bayberry Road, Jacksonville, Florida, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. The Defendant's status as a registered debt collection company with the Office of the Colorado Attorney General's licensing division is expired.

## FACTUAL ALLEGATIONS

11. Sometime on or before June 10, 2010, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

13. On or after June 10, 2010 the Plaintiff received a letter from Defendant, addressed to his home demanding payment for the debt.

14. At no time after the initial mail contact, or the subsequent telephone contacts, did Defendant provide the follow up written notice as required by 15 U.S.C. §1692(g).

15. Within a matter of days of receiving the initial demand letter, the Plaintiff began receiving telephone calls on his cellular telephone from a female synthesized voice identifying itself as "Chelsea."

16. The Defendant, using the non-human, synthesized female voice, called the Plaintiff repeatedly, even after messages were left by the Plaintiff with the Defendant to stop calling.

17. The Defendant continued to call repeatedly after being informed by the Plaintiff that he was in financial distress and without the means to pay the alleged debt Defendant was attempting to collect.

18. The Defendant would call several times a day, several days a week knowing that Plaintiff could not or would not have the ability to make any payment.

19. During each of the harassing and annoying telephone calls, a live person would never communicate with the Plaintiff. Rather, the female synthesized voice would leave a message instructing the Plaintiff to contact the Defendant. The pre-recorded message would only included a fictitious non-human voice message identifying itself as "Chelsea"

20. The calls being made by the Defendant were designed to harass, annoy and cause distress to the Plaintiff.

21. Plaintiff has received in excess of one hundred calls in the past twelve months, many leaving a pre-recorded message from "Chelsea" on the Plaintiff's cellular telephone voicemail system.

22. Because of the ongoing and harassing nature of the contact by the Defendant the Plaintiff is afraid to answer incoming telephone calls where caller ID is not recognized by the Plaintiff.

23. The Plaintiff, because he is afraid to answer his telephone, has missed business calls as well as personal calls from family and friends.

24. Defendant has previously explained his financial hardships to the Defendant and Defendant's employees.

25. The use of an auto-dialer, compounded with a synthesized non-human voice attempting to identify itself as a real person, in an effort to collect a debt which the Plainiff has disputed and indicated he could not pay, constitute numerous violations of the provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d(5), 1692e(14), 1692f and 1692g amongst others.

### *Respondeat Superior Liability*

26. The acts and omissions of the individual collector, namely "Chelsea", as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with its principal, Defendant.

27. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

28. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit its principal, Defendant.

29. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## **CAUSES OF ACTION**

## **COUNT I.**

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

32. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

>Respectfully submitted,
>
>s/Troy D. Krenning
>**Troy D. Krenning, Esq.**
>Law Office of Troy D. Krenning, LLC
>2908 Bent Drive
>Loveland, Colorado 80538
>Telephone:  (970) 449-4301
>Facsimile: (970) 449-4302
>Email: troydklaw@msn.com
>**Attorney for Plaintiff**